IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **SUSAN S. FAHEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 04-1540** |
| **v.** | ) | **(Judge Firestone)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S ANSWER**

As its answer to the complaint, defendant admits, denies, and avers as follows:

The allegations contained in the unnumbered paragraph immediately preceding paragraph 1 constitute plaintiff's description of its complaint, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

2. Admits the allegations contained in the first sentence of paragraph 2 to the extent that plaintiff had two contracts with defendant for the delivery of mail in the region of Ocean Shores, Washington. With respect to the allegations contained in the second sentence of paragraph 2, avers that the actual contract numbers were 985A3 and 98584. Denies the allegations contained in the third sentence of paragraph 2. Admits the allegations contained in the fourth sentence of paragraph 2.

3. Denies.

4. Admits the allegation contained in the first sentence of paragraph 4 that plaintiff received on or about October 15, 2003, a certified letter from the Postal Service contracting officer for the Western Area DNO, Seattle Branch; admits the remaining allegations contained in

the first sentence of paragraph 4 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the remaining allegations contained in the first sentence of paragraph 4 are denied. The second sentence in paragraph 4 is unintelligible and does not deserve a response. The allegations contained in the third sentence of paragraph 4 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

5. The allegations contained in paragraph 5 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

6. The allegations contained in the first, second, third, and fifth sentences of paragraph 6 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the fourth sentence of paragraph 6.

7. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 6 of the complaint, or to any relief whatsoever.

8. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that plaintiff's complaint be dismissed, and grant such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

THOMAS J. MARSHALL
Managing Counsel
Civil Practice Section
United States Postal Service

s/ Michael Francis Kiely
MICHAEL FRANCIS KIELY
Civil Practice Section
Law Department
United States Postal Service
475 L'Enfant Plaza, S.W.
Room 6333
Washington, D.C. 20260-1127
(202) 268-4037

Date: January 10, 2005